**EQUITY SECURED PROMISSORY NOTE**

**$9,000,000,000.00**

    On this 18TH day of MAY 2012, FOR VALUE RECEIVED, the undersigned, UBALDO, HECTOR. d/b/a HECTOR UBALDO, an Ens Legis of the United States Corporation (the "Borrower"), located at 42-09 28th ST; LONG ISLAND CITY, NY 11101 (address of "Borrower") promises to pay to the order of CUERVO LUMINOSO EXPRESS TRUST a foreign irrevocable trust (the "Lender & Holder"), located at Pablado CRA 7-D, Medellin, Colombia 110221 (or at other place as the Lender & Holder may from time to time designate to the Borrower), in lawful money of the United States, the principal sum of Nine Billion Dollars ($9,000,000,000.00), with interest accruing on the unpaid balance at a rate of One Point Seven Five Percent (1.75%) per annum beginning as of the date above from and after the date of this Promissory Note until paid.

    The Lender & Holder hereby loans Nine Billion Dollars ($9,000,000,000.00) to HECTOR UBALDO (the "Principal") in exchange for all the labor and fractional reserve money creation backed by the Full Faith and Credit of the United States incurred by THE ESTATE OF HECTOR UBALDO d/b/a HECTOR UBALDO (the "Principal & Registered Owner") secured by the Birth Certificate/Certificate of Title ("collateral"), in the Registered Owner's Name and such Title is held in possession by the Lender & Holder of all Bonds, Notes, Applications, Units, Licenses and all Certificated & Uncertificated Securities, for the collateral after having authenticated a record acknowledging that it will hold possession of collateral for the secured party's benefit and the principal and interest, unless the Borrower is in Default, shall be due and payable in 1080 equal monthly payments (in the amount $17,975,842.20), each payment being due and payable on the first day of each month commencing on May 18, 2012. The entire amount of the principal shall be due and payable at year end of 2102 (90 years).

    The payment of this Promissory Note is secured by a pledge of all labor and interest owned by the Borrower. The terms and conditions of the pledge of the interest are set forth in Birth Certificate/Certificate of Title No156-64-200942 as Full Faith and Credit of the United States between the Borrower and the Lender & Holder. Notwithstanding the existence of security for the payment of this Promissory Note, the Borrower shall at all times remain liable to the Lender & Holder for the full and punctual payment of all principal, interest and other amounts (if any) that are owed under this Promissory Note.

    Payment and performance of this Note is absolutely and unconditionally guaranteed by UBALDO, HECTOR. d/b/a HECTOR UBALDO on the terms of the Guarantee executed concurrently herewith.

    Each payment made under this Promissory Note shall be applied (i) first, to fees, costs and expenses incurred by the Lender & Holder in enforcing this Promissory Note upon the occurrence of an Event of Default (as defined below) and (ii) second, to accrued interest, and (iii) third to the principal balance of this Promissory Note. Any principal or other amount payable under this Promissory Note that is not paid when due shall bear interest from and after the date when due until paid in full at the rate of twelve percent (12%) per annum (the "**Default Rate**"). Nothing in the preceding sentence shall be interpreted as a waiver or limitation of the Lender & Holder's right to compel payment of all amounts hereunder when due and payable.

    If the Borrower is not in default under this Promissory Note, the Borrower shall have the privilege of prepaying, without penalty or premium, the outstanding principal balance hereof in whole or in part at any time or from time to time. Any such prepayment must be accompanied by full payment of all interest then accrued and unpaid on the principal amount being paid.

    The Borrower's failure to (i) pay when due any principal, accrued interest or other amount owed under this Promissory Note, or (ii) the failure of any representation or warranty of the Borrower that is contained within any writing of the collateral in the possession of the Lender & Holder and if (i) or (ii) is not remedied in full within ninety (90) days after receipt of written notice from the Lender & Holder, shall constitute an "**Event of Default**."

    Upon the occurrence of an Event of Default, the Lender & Holder shall have the right, at its sole option, at any time thereafter, (i) to declare the entire balance of principal and accrued interest on this Promissory Note to be immediately due and payable, (ii) to exercise all of its rights as a secured party under the writings of the collateral with respect to the interests pledged by the Borrower, and (iii) to exercise any and all of its other rights and remedies that are provided under the collateral and applicable law. All rights and remedies of the Lender & Holder are cumulative and concurrent and may be pursued singularly, successively or together, at all the sole discretion of the Lender & Holder, and whenever and as often as the Lender & Holder deems necessary or appropriate.

    If, after not less than thirty (30) days after an Event of Default which has not been cured, an attorney is enUBALDOd by the Lender & Holder to undertake collection, or enforce or construe any provision of this Promissory Note or the collateral, with or without the filing of any arbitration proceeding or legal action by the Lender & Holder, then the Borrower shall pay on demand all reasonable attorneys' fees and other cost and expenses incurred by the Lender & Holder in connection therewith. If an action (arbitration or court proceeding) is brought to enforce the terms of this Promissory Note, then the prevailing party shall be entitled to recover its reasonable attorneys' fees and other costs and expenses incurred in connection therewith.

    **The Borrower has agreed to convey to Lender, in lieu of Lender's right and pursuit of formal legal action proceedings, and Lender, subject to satisfaction of the conditions of this Agreement, shall accept the conveyance of the Borrower's salaries, wages, tips as determined and filed on their annual taxes, to satisfy the interest payments, secured by a licensee/licensor trademark agreement, for the use of the Mark, UBALDO, HECTOR. d/b/a HECTOR UBALDO, secured by the Certificate of Title, in the possession of the Lender.**

    The Borrower and the Lender & Holder hereby agree that the Borrower may pre-pay this Promissory Note without penalty of any kind with the intent to fulfill and satisfy this installment loan.

1

## EQUITY SECURED PROMISSORY NOTE – "concluded"

If the Lender & Holder receives any installment payment more than ninety (90) days after the date that it is due, then a late payment fee of five hundred thousand ($500,000.00) dollars, shall be payable with the scheduled installment payment along with any default interest due.

This Promissory Note is secured by a security instrument also known as the collateral described above, securing repayment of this Promissory Note, the property described in such security instrument may not be sold or transferred without the Lender & Holder's express written consent. If Borrower breaches this provision, Lender & Holder may declare all sums due under this Promissory Note immediately as a "Due-On-Sale" and payable, unless prohibited by applicable law.

The Borrower waives presentment and demand for payment, notice of dishonor, protest and notice of protest, notice of default and any and all lack of diligence or delay by the Lender & Holder in the collection or enforcement of this Promissory Note. The Lender & Holder shall not be deemed to have waived any right or remedy that it has under this Promissory Note, the collateral or applicable law unless it has expressly waived the same in writing or unless this Promissory Note or the collateral expressly provides a period of time in which the right or remedy must be exercised. The waiver by the Lender & Holder of a right or remedy shall not be construed as a waiver of any other right or remedy or of any subsequent right or remedy of the same kind.

If any provision of this Promissory Note is determined by an arbitrator or a court of competent jurisdiction to be invalid, illegal or unenforceable, that provision shall be deemed severed from this Promissory Note, and the validity, legality and enforceability of the remaining provisions of this Promissory Note shall remain in full force and effect. If the Lender & Holder ever receives any interest payment on this Promissory Note in excess of the maximum principal permitted by applicable law, such excess amount shall, at the Lender & Holder's option, be applied to the reduction of the unpaid principal balance of this Promissory Note or returned to the Borrower.

In the event that any provision herein is determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any provision, all of which shall remain in full force and effect.

There are no verbal or other agreements which modify or affect the terms of this Promissory Note. This Promissory Note may not be modified or amended except by written agreement signed by Borrower and Lender & Holder.

In the event of any conflict between the terms of this Promissory Note and the terms of any security instrument securing payment of this Promissory Note, the terms of this Promissory Note shall prevail.

Any notices required or permitted to be given hereunder shall be given in writing and shall be delivered (a) personal service (b) by certified or registered mail service, postage prepaid, return receipt requested, (c) by facsimile, or (d) by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below.

The Borrower executes this Promissory Note as a principal and not as a surety. If there is more than one Borrower, each Borrower shall be jointly and severally liable under this Promissory Note.

Time is of the essence with respect to every provision hereof. This Promissory Note shall be governed by the internal laws of the State of California without giving effect to conflict-of-law principles.

IN WITNESS WHEREOF, the Borrower and Lender & Holder have executed and delivered this Promissory Note as of the date first written above in the presence of an officer of the court.

**BORROWER**

_____          05/18/2012
HECTOR UBALDO    Principal                Date


**LENDER & HOLDER**

_____          05/18/2012
Pimentel, Kenia Ondina Ventura  Trustee   Date

2