IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO.  4:24-CR-222-P

DR. HECTOR UBALDO (01)

## **"AGREED" CHARGE**

The United States of America submits the attached Government's Requested Jury Instructions.  All instructions are from the <u>Fifth Circuit Pattern Jury Instructions,</u> (Criminal Cases, 2019), unless otherwise noted.

I, P.J. Meitl, certify that I have carefully read the following proposed charge of the Court and that it is, to the best of my knowledge and ability, free of error, both in form and substance.

Government counsel sought to confer with the defendant, who is representing himself pro se in this matter, on the proposed jury instructions.  Per the Court's scheduling order, government counsel sent a draft of the proposed charge to the defendant via email on Monday, October 21, 2024, and requested objections or additional proposed instructions by the close of business on October 22, 2024.  The government also sought to schedule a face-to-face meeting.  The defendant did not respond.  The government followed up, repeating these requests on the morning of October 23, 2024.  The defendant did not respond.  As such, this charge does not include any comments from the defendant.

The defendant had previously communicated with government counsel via the same email address, and confirmed it was the appropriate manner in which to communicate regarding trial logistics and matters.

Date:  October 23, 2024

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

s/ *P.J. Meitl*
P.J. MEITL
Assistant United States Attorney
D.C. Bar No. 502391
801 Cherry Street, 17th Floor
Fort Worth, Texas 76102
Telephone: 214.659.8680
Facsimile: 214.659.8809
Email: philip.meitl@usdoj.gov

## CERTIFICATE OF SERVICE

Government counsel will email a copy of this filed document to the defendant at hubaldo@icloud.com, which is an email address that the defendant utilizes and agreed to receive correspondence from the government on in relation to this matter.

s/ *P.J. Meitl*
P.J. MEITL
Assistant United States Attorney

**1.01**
**Preliminary Instruction**

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.

You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.    Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.    Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First: the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

**Proposed Jury Charge – Page 2**

Second: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

Third: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that in this respect a criminal case is different from a civil case.

In this case, the defendant is charged with two counts. There is one count of Conspiracy to Solicit and Receive Kickbacks. There is also one substantive count of Soliciting or Receiving Illegal Kickbacks. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case.

In order to prove Conspiracy to Solicit and Receive Kickbacks, the government must prove the following elements beyond a reasonable doubt:

First. That the defendant and at least one other person made an agreement to commit the crime of soliciting and receiving illegal kickbacks, in violation of the Anti-Kickback statute as charged in the indictment;

Second. That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and;

Third. That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

In order to prove Soliciting or Receiving Illegal Kickbacks, the government must prove the following elements beyond a reasonable doubt:

First. That the defendant solicited or received remuneration, including any kickback, bribe, or rebate;

Second. That the remuneration was solicited or received in return for referring an individual to a laboratory for the furnishing or arranging for the furnishing of an item or service;

Third. That the item or service was one for which payment was or might be made, in whole or in part, under a Federal or State health care program; and

Fourth: That the defendant acted knowingly and willfully when soliciting or receiving the remuneration.

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case.

**Proposed Jury Charge – Page 4**

Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse.  It is best that you remain in the jury room during breaks in the trial and do not linger in the hall.  In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work.  Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  Otherwise, without realizing it, you may start forming opinions before the trial is over.  It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case.  This includes performing Internet searches, using any search engine, such as Google, about terms, concepts, or individuals, discussed in this case.[1]  In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Likewise, do not attempt to learn about the parties, the witnesses, the lawyers, or the judge.  Please do not try to find out information from any source outside the confines of this courtroom.

---

[1]    This sentence has been added by the prosecution in an effort to avoid issues that have risen in other trials.

**Proposed Jury Charge – Page 5**

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, WhatsApp, Instagram, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over. The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at trial.

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he [she] wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

**Proposed Jury Charge – Page 6**

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

**1.02**
**NOTE TAKING BY JURORS**
**(OPTIONAL ADDITION TO PRELIMINARY INTRUCTION)**
**ALTERNATIVE A**

You may not take notes during the course of the trial. There are several reasons for this.  It is difficult to take notes and, at the same time, pay attention to what a witness is saying.  Furthermore, in a group the size of yours, certain persons will take better notes than others, and there is the risk that the jurors who do not take good notes will depend upon the jurors who do take good notes.  The jury system depends upon all jurors paying close attention and arriving at a unanimous decision. I believe that the jury system works better when the jurors do not take notes.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**1.03**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## 1.04
## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**1.05**
## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all **[and no inference whatever may be drawn from the election of a defendant not to testify]**.[2]

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

---

[2]       Delete bracketed material if the defendant testifies.

**Proposed Jury Charge – Page 11**

## 1.06
## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits **[if applicable]**. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**1.08**
## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL
## ALTERNATIVE A

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

**1.09**
**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses **[including the defendant]** who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

**[The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.]**

**Proposed Jury Charge – Page 15**

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## 1.10
## CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## 1.11
## IMPEACHMENT BY PRIOR INCONSISTENCIES
### (if necessary)

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

**1.13**
**IMPEACHMENT BY PRIOR CONVICTION**
**(Witness Other than Defendant)**

You have been told that two witnesses, Kelly Nelson and Greg Mikesell, were convicted in the Northern District of Texas of Conspiracy Pay Illegal Kickbacks. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

### 1.14
### IMPEACHMENT BY EVIDENCE OF UNTHRUTHFUL CHARACTER
### (if necessary)

You have heard the testimony of _____.  You also heard testimony from others concerning their opinion about whether that witness is a truthful person [the witness's reputation, in the community where the witness lives, for telling the truth]. It is up to you to decide from what you heard here whether _____ was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning the witness's [reputation for] truthfulness as well as all other instructions you have been given.

## 1.16
## ACCOMPLICE – CO-DEFENDANT – PLEA AGREEMENT

In this case, the government called as two of its witnesses an alleged accomplice, named as a co-defendant in a related case, with whom the government has entered into a plea agreement. This agreement provides for the dismissal of some charges and a potential recommendation for a reduced sentence should the co-defendant cooperate and testify truthfully. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

## 1.19
## ON OR ABOUT

You will note that the indictment charges that the offenses were committed on or about specified dates.  The government does not have to prove that the crime was committed on those exact dates, so long as the government proves beyond a reasonable doubt that the defendant committed the crime or crimes on a date reasonably near the dates stated in the indictment for each count.

**1.20**
**VENUE – CONSPIRACY**

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Northern District of Texas but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district.  An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself.  Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Northern District of Texas.  All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Fort Worth and Arlington are located in the Northern District of Texas.

**1.21**
**CAUTION—CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**1.22**
**CAUTION—PUNISHMENT**

If a defendant is found guilty, it will be my duty to decide what the punishment

will be.  You should not be concerned with punishment in any way.  It should not enter

your consideration or discussion.

## 1.23
## SINGLE DEFENDANT – MULTIPLE COUNTS

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## 1.26
## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts.  Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for in each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**1.31**
## IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offense.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

**1.41**
**KNOWINGLY – TO ACT**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**1.42**
## DELIBERATE IGNORANCE

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

**1.48**
**TRANSCRIPT OF RECORDED CONVERSATION**

Exhibits 13, 16, 19, 22, 26, 28, 30, 32 have been identified as a typewritten transcript of the oral conversation which can be heard on a recording received in evidence. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

**1.50**
## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

**1.51**
**SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUSANT TO**
**FEDERAL RULE OF EVIDENCE 1006**

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case.  You should give them only such weight as you think they deserve.

**2.04**
**AIDING AND ABETTING (AGENCY)**
**18 U.S.C. § 2**

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

**Proposed Jury Charge – Page 35**

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

<u>First</u>:       That the offense of health care fraud was committed by some person;

<u>Second</u>:    That the defendant associated with the criminal venture;

<u>Third</u>:     That the defendant purposefully participated in the criminal venture; and

<u>Fourth</u>:    That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

**COUNT ONE**
Conspiracy to Solicit and Receive Illegal Kickbacks
18 U.S.C. § 371

Title 18, United States Code, Section 371 makes it a crime for anyone to conspire with someone else to commit certain crimes, including the crime of Soliciting and Receiving Illegal Kickbacks.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> First.    That the defendant and at least one other person made an agreement to commit the crime of soliciting or receiving illegal kickbacks, in violation of the Anti-Kickback statute as charged in the indictment;

> Second.    That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and;

> Third.    That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and willfully joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy, even

**Proposed Jury Instructions – Page 37**

though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.  Nor must the government prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.[3]

As noted already, the object of the conspiracy charged in count one is the solicitation and receipt of illegal kickbacks, which is a violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A) and 1320a-7b(b)(1)(B).

---

[3]     Adapted from Fifth Circuit Pattern Jury Instructions (Criminal Cases) (2015) § 2.15A (Conspiracy to Commit Offense); *United States v. Njoku*, 737 F.3d 55, 68 (5th Cir. 2013) ("Section 371 requires proof of an overt act, which Section 1349 does not."); *see also id*. at 63 (setting forth elements); *United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012) (same).  *But see United States v. Imo*, 739 F.3d 226, 235 (5th Cir. 2014) (requiring a lesser standard of proof); *United States v. Delgado*, 668 F.3d 219, 226 (5th Cir. 2012) (same).

**Proposed Jury Instructions – Page 38**

I will now provide you with instructions concerning that crime, the object of the conspiracy, in connection with count two of the indictment.

**COUNT TWO**
Solicitation and Receipt of Illegal Kickbacks
42 U.S.C. § 1320a-7b(b)(1)(A) and 1320a-7b(b)(1)(B) and 2

Title 42 United States Code, Section 1320a-7b(b)(1)(A), makes it a crime for anyone to knowingly and willfully solicit or receive kickbacks, bribes, or illegal remuneration in return for a referral for services under a Federal health care program.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved the following beyond a reasonable doubt:

Medicare is a federal health care program.

Remuneration may be solicited or received directly or indirectly, overtly or covertly—that is, secretly. Remuneration may be in cash or in kind.

In order to meet its burden, the government does not need to prove that the defendant's only purpose or his [her] primary purpose was to solicit [receive] remuneration in return for a referral. The government only needs to show that the solicitation was made [remuneration was received] in part for that purpose.

<u>First</u>.    That the defendant solicited or received remuneration, including any kickback, bribe, or rebate;

<u>Second</u>.    That the remuneration was solicited or received in return for referring an individual to a laboratory for the furnishing or arranging for the furnishing of an item or service;

<u>Third</u>.    That the item or service was one for which payment was or might be made, in whole or in part, under a Federal or State health care program; and

<u>Fourth</u>:    That the defendant acted knowingly and willfully when soliciting or receiving the remuneration.

Medicare is a federal health care program.

Remuneration may be solicited or received directly or indirectly, overtly or covertly—that is, secretly.  Remuneration may be in cash or in kind.

In order to meet its burden, the government does not need to prove that the defendant's only purpose or his primary purpose was to solicit or receive remuneration in return for a referral. The government only needs to show that the solicitation was made, or remuneration was received in part for that purpose.

Under § 1320a-7b(h), "a person need not have actual knowledge of this section or specific intent to commit a violation" of the statute.[4]

---

[4]    *See United States v. St. Junius*, 739 F.3d 193, 210 (5th Cir. 2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

DR. HECTOR UBALDO (01)

CRIMINAL NO.  4:24-CR-222-P

**VERDICT OF THE JURY**

We, the Jury, find the Defendant, Dr. Hector Ubaldo:

"Guilty" or "Not Guilty" as to Count 1 of the Indictment, Conspiracy to Solicit and Receive Illegal Kickbacks _____

"Guilty" or "Not Guilty" as to Count 2 of the Indictment, Solicitation or Receipt of Illegal Kickbacks _____

**Verdict Form**