

1  Hector Ubaldo
   d/b/a Passive Trustee
2  CUERVO LUMINOSO EXPRESS TRUST ENTERPRISE
   c/o: [9337] Katy Fwy, STE B5057
3  Houston, Texas near [77024]

4
                    UNITED STATES DISTRICT COURT
5
                    NORTHERN DISTRICT OF TEXAS
6
                        FORT WORTH DIVISION
7
   UNITED STATES OF AMERICA,        | Docket/Case No. 4:24-MJ-659 and/or 4:24-mj-383
8                                    | and/or 4:24-MJ-659
            Plaintiff,              |
9                                    |       4:24-cr-00222-P
   vs.                              |
10                                   | AFFIDAVIT OF GENERAL DENIAL OF ALL
   HECTOR UBALDO,                    | COUNTS, CHARGES AND CLAIMS
11                                   |
            Defendant               |
12
              COME THIS DAY, the 16th of October 2024
13

14                    INTRODUCTION & JUDICIAL NOTICE
                      [Federal Rules of Evidence. Rule 201]
15
       I, Ubaldo, Hector (Defendant), under contractual agreement and operating as plenipotentiary of power agent for
16
   the Cuervo Luminoso Express Trust Enterprise (*see Exhibit B*), which commenced on January 18, 2024, on behalf of
17
   the Sole Trustee, Kenia Ondina Ventura Pimentel (*see Exhibit D*) of Cuervo Luminoso Express Trust Dtd May 18,
18
   2012 (*see Exhibit A Trust Indenture*), officially serve the court and Plaintiff(s) an Affidavit of General Denial of All
19
   Counts, Charges and Claims. The Trust Indenture is One of the People of the Republic of Texas, grateful to the
20
   Almighty creator for freedom, in order to secure its blessings, ESTABLISHED BY THE CONSTITUTIONS OF
21
   TEXAS 1824-1876 (Trust Indenture), having the right to defend its property (Hector Family of Ubaldo Estate),
       whether real or personal is not subject to revert or escheat to any lord of feudal law.
22

23  TAKE JUDICIAL NOTICE, that all Matters of Equity (to the Masters in Chancery) in this case shall be under the

24  Constitution of the United States of America, Article VI, Supremacy Clause One, "All Debts contracted, and

   Engagements entered into, before the Adoption of this Constitution, shall be as valid against the United States under
25
   this Constitution, as under the Confederation." Clause Two, "This Constitution, and the Laws of the United States
26
   which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the
27
   United States, shall be the supreme Law of the Land; and the **judges in every State shall be bound** thereby any
   Thing in the Constitution or Laws of any State to the Contrary notwithstanding."
28

   AFFIDAVIT OF GENERAL DENIAL OF ALL COUNTS, CHARGES AND CLAIMS - 1

1   TAKE JUDICIAL NOTICE, (to the Masters in Chancery) no Administrative Procedures Act (APA), Public Law 79-

2   404, 60 STAT, 237, enacted June 11, 1946, nor shall any of its agencies have jurisdiction in matters of equity,

3   serving as a sort of "constitution" for U.S. administrative law. The Strengthening Abuse and Neglect Courts Act of

    2000, Public Law 106-314 – October 17, 2000, shall not encourage agency actions that are not subject to formal

4   trial-like procedures, and all continued At-Law regulations shall be arbitrary, capricious, an abuse of discretion, or in

5   otherwise not in accordance with the law of equity or chancery.

6   TAKE JUDICIAL NOTICE, the Trust Indenture does not pass the United States Court Test or Control Test. The

7   Sole Trustee (not a United States citizen or Legal Permanent Resident but a Dominicana) of the Trust Indenture

8   exercises primary supervision over the administration of the trust and has the authority to control all substantial

    decisions of the trust.

9

10                                AFFIDAVIT OF GENERAL DENIAL

11                                        [FCRP Rule 8]

12      I, Ubaldo, Hector, the Passive Trustee under contract, which no State shall pass any Bill of Attainder, ex post

13   facto law, or law impairing the obligation of contracts, or grant any title of nobility (U.S.A. Constitution Article

14   One, Section Ten, Clause One), state as evidence, intend in good faith to deny point for point all statements,

15   allegations, involvements, claims, word for word, paragraphs, commercial statutes of the pleadings – including

    jurisdictional grounds by general denial, stated in the Criminal Complaints of all case numbers 4:24-MJ-659 and/or

16   4:24-mj-383 and/or 4:24-MJ-659 against Cuervo Luminoso Express Trust d/b/a Cuervo Luminoso Express Trust

17   Enterprise and Cuervo Luminoso Express Trust d/b/a Hector Ubaldo. (*see Exhibit C – Heritage Florida Jewish*

18   *News Publication Dtd March 8, 2024 – L205712*)

19   The Trust Indenture further denies point for point, word for word, the definition of Carrier, a vessel, vehicle, or

20   aircraft seized under [49 U.S.C. Chapter 11 for having been used to transport, carry, or conceal a contraband firearm

21   or contraband cigarettes. Vessels, vehicle, or aircraft seized under other provisions of applicable laws to be

    considered personal property]. Furthermore, I deny being accused and deny point for point, word for word, the

22   definition of Commercial Crimes, any of the following types of crimes (Federal or State): Offenses against the

23   revenue laws; burglary; counterfeiting; forgery; kidnapping; larceny; robbery; illegal sale or possession of deadly

24   weapons; prostitution (including soliciting, procuring, pandering, white slaving, keeping house of ill fame, and like

    offenses); extortion; swindling and confidence games; and attempting to commit, conspiring to commit, or

25   compounding any of the foregoing crimes. Addiction to narcotic drugs and use of marihuana will be treated as if

26   such were commercial crime. - *[T.D. ATF-48, 43 FR 13535, Mar. 31, 1978; 44 FR 55841, Sept. 28, 1979, as*

27   *amended by T.D. ATF-65, 45 FR 8593, Feb. 8, 1980; T.D. ATF-183, 49 FR 37061, Sept. 21, 1984]*.

28

    AFFIDAVIT OF GENERAL DENIAL OF ALL COUNTS, CHARGES AND CLAIMS - 2

Attachments as Evidence:

(1) Exhibit A – Memorandum of Trust (4 pages)

(2) Exhibit B – Plenipotentiary Agent Contract (Minutes 06-1964; 5 pages)

(3) Exhibit C – Fictitious Business Name Statement (1 page)

(4) Exhibit D – Sole Trustee Republica Dominicana Passport and Hold Harmless Agreement (3 pages)

         WITH NOTHING FURTHER TO STATE, We, declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct and affix my signature below.

*Ubaldo, Hector*

Ubaldo, Hector

*Ventura Pimentel Kenia O.*

Ventura Pimentel, Kenia O.

AFFIDAVIT OF GENERAL DENIAL OF ALL COUNTS, CHARGES AND CLAIMS - 3

1

**Exhibit A – Memorandum of Trust (4 pages)**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF GENERAL DENIAL OF ALL COUNTS, CHARGES AND CLAIMS - 4

Prepared By: Carelo Green
Firm: Via Iure, LLC
1070 Montgomery Road, Suite 2333
Altamonte Springs, FL 32714

## MEMORANDUM OF TRUST

### Est. May 18th, in the year of our Lord, 2012 Anno Domini

THIS INDENTURE ("Agreement") made this 18th day of May, 2012 serves as a Declaration of Express Trust and shall continue for a term of twenty-five (25) years from this day, between HECTOR UBALDO herein known as the Settlor and Trust Protector, (the first party) and KENIA ONDINA VENTURA PIMENTEL Trustee, herein known as the First Trustee, Sole Trustee or Trustee, (the second party), under the name of CUERVO LUMINOSO EXPRESS TRUST d/b/a HECTOR LUMINOSO MARQUESS OF BRONX. With this contract, the Parties intend to create an Express Trust Organization for the benefit of the Trust Certificate Unit Holders and to identify, accumulate, purchase and hold any assets that become available and to provide for a prudent administration and distribution system administered by legal persons acting in a fiduciary capacity.

WITNESSETH: Whereas the Settlor, irrevocably assigns and conveys to the Trustee, in trust, specific properties as defined in The Trustee Minutes (1-1964), attached to this document in exchange for one hundred (100) units of Beneficial Interest, known hereto as Trust Certificate Units (TCUs) to be held with this Indenture by the Trustees for the Beneficiaries also known as Members of CUERVO LUMINOSO EXPRESS TRUST d/b/a HECTOR LUMINOSO MARQUESS OF BRONX.

Trust: "Trust" includes an express trust, private or charitable, with additions thereto, wherever and however created.

Property: "Property" means anything that may be the subject of ownership and includes both real and personal property.

Person: "Person" means any natural person, individual, corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership, limited liability company, association, or other entity.

Settlor: HECTOR UBALDO of 9337 Katy Fwy, Suite B5057, Houston, Texas, doing business in Seminole County, Florida of 587 E State Road 434, Longwood, Fl 32750 – (defined) in law a **settlor** is a person who settles property in trust law for the benefit of beneficiaries. In some legal systems, a **settlor** is also referred to as a trustor or occasionally, a grantor or donor... A **settlor** may create a trust manifesting an intention to create it; grantor is the person who creates the trust.

Trust Protector: HECTOR UBALDO or other authorized person in the future by settlor, - (defined) appointed under the trust instrument to direct, restrain, remove the trustee(s) or appoint a successor.

Trustee(s): KENIA ONDINA VENTURA PIMENTEL of Reparto Seminario 12B sector La Julla, Distrito Nacional 10108 – (defined) includes an original, additional, or successor **trustee**, whether or not appointed or confirmed by a court. A person or firm that holds or administers property or assets for the benefit of a third party and can be given the powers to make investment decisions for the Trust, or vote on the distribution of assets to the beneficiaries and/or has the power to hire persons whether an authorized person or not, including accountants, attorneys, auditors, investment advisers, appraisers or other agents even if they are associated or affiliated with the **trustee**, to advise or assist the **trustee** in the performance of administrative duties.

Beneficial Owner: CUERVO LUMINOSO EXPRESS TRUST herein known as the First Beneficiary and other beneficiaries to come in future (defined) **beneficial owner** is where specific property rights ("use and title") in equity belong to a person even though legal title of the property belongs to another person. This often relates where the legal title owner has implied trustee duties to the beneficial owner.

1 of 4

Prepared By: Carelo Green
Firm: Via lure, LLC
1070 Montgomery Road, Suite 2333
Altamonte Springs, FL 32714

WHEREAS, the Trust Organization is authorized to exist and function through its Board of Trustees, comprised of the total active number of trustees who are legal persons holding fee simple title, not differentiating between legal and equitable, not as individuals, but collectively as the Board, according to the inalienable Common Law rights.

WHEREAS, the Trust shall be amendable, as described in the bylaws, and shall be irrevocable by the Settlor or by any other person or entity but said trustee can be fired by the Trust Protector and replace by new trustee appointed by the Trust Protector. It is the intention of the Settlor to make the Beneficiaries, an absolute gift of the Trust Certificate Units (TCUs), in which the Beneficiaries shall not have any vested interest, until the termination of this Trust and final distribution accumulated assets or any early distribution of the assets thereof. There shall be exactly 100 Trust Certificate Units (TCUs) available to the Beneficiaries.

WHEREAS, the Trust shall be administered, managed, governed and regulated in all respects applicable to Common Law jurisdiction of Florida, being bound to the Articles of Confederation of 1781, Article IV.

WHEREAS, the Trust shall be governed by its country's applicable laws known as Muscat (Muskat), Sultanate of Oman, with formation documents governed and regulated in all respects applicable to Common Law jurisdiction of Florida to govern the interpretation of the trust. Under the law of the Sultanate of Oman, a court within Oman, is able to exercise primary supervision over the administration of the trust. The Treaty of Marrakesh, the Treaty of Maskat of 1833, the Articles of Association, the Articles of Confederation, and the Uniform Commercial Code (only when and if applicable and/or allowable to remain under the jurisdiction of the Common Law). The domicile of the trust is within the Court of Equity, in Florida in the Republic of the United States of America but shall have full faith and credit in any State as a last resort when everything else fails.

_____      _____05/18/12_____
Ubaldo, Hector, **Settlor/Trust Protector**      Date

_____      _____05/18/12_____
Pimentel, Kenia Ondina Ventura **Sole Trustee**      Date

Prepared By: Carelo Green
Firm: Via Iure, LLC
1070 Montgomery Road, Suite 2333
Altamonte Springs, FL 32714

**Trustee Minutes: Table of Contents**
**CUERVO LUMINOSO EXPRESS TRUST**
(An Irrevocable Express Trust Organization)

Time: 5:15 AM

Date: FRIDAY, MAY 18, 2012

Persons Present: Settlor & Sole Trustee

Business Conducted: Appointment of Trustee, Affirmed Declarations and Accepted Trust Property

At this meeting, the Board of Trustees of the CUERVO LUMINOSO EXPRESS TRUST, held in Fort Lauderdale, FL on this day, with the Sole Trustee being present, by unanimous accord, the following was affirmed, declared and accepted, vis:

The Settlor, Ubaldo, Hector (first party) by gift of the following said Personal Property to the Trustee (second party) is now in Trust for the beneficiaries holding Trust Certificate Units:

i.    Schedule A: Trustee Minutes 1-1964 – Appointment of Trustee
-   Trustee Acceptance Hold Harmless/Indemnity Agreement – Exhibit A
ii.   Schedule B: Trustee Minutes 1-1964 – Powers & Duties of the Trustee(s)
iii.  Schedule A: Trustee Minutes 2-1964 - Trust Certificate Units
-   Equity Secured Promissory Note – Exhibit 414-HU69277
-   non-UCC Financing Statement
-   Schedule A: Trustee Minutes 3-1964 – Copyright Notice
iv.  Schedule B: Trustee Minutes 3-1964 – Other Property Exchange -- Non-Real Estate Assets
-   Affidavit of Schedule of Fees
v.   Schedule A: Trustee Minutes 4-1964 – Nationality Declaration
-   P. Law 94-241, Article III, Citizenship & Nationality Declaration
vi.  Schedule A: Trustee Minutes 5-1964 – Claim of Ownership
-   Affidavit of Domicile/Claim of Ownership
vii.  Schedule B: Trustee Minutes 5-1964 - Doing Business As
-   Affidavit of Miscellaneous Fictitious Business Name Statement
viii. Licensed Trademark Terms & Conditions – Exhibit 72.J1110

All personal property, whether Tangible or Intangible located in Florida, Texas or any other State, received now or in the future is now held in trust.

3 of 4

Prepared By: Carelo Green
Firm: Via Iure, LLC
1070 Montgomery Road, Suite 2333
Altamonte Springs, FL 32714


    The Sole Trustee has authorized the Authorized Representative and or Co-Trustee(s) to warehouse ALL REAL & PERSONAL PROPERTY ASSETS LISTED BELOW wherever the Authorized Representative deems to be the safest and most convenient location to manage the above said property.

    *a.*   *New York Secretary of State Certificate of Title No.156-64-200942 Dtd 03/10/1964*
        *(Chattel Paper)*

    *b.*   *Estate of HECTOR UBALDO (Life Estate)*

    *c.*   *HECTOR FAMILY OF UBALDO ESTATE (Decedent Estate)*


The following action was taken as a result of that agreement. All pages of the trustee minutes have been properly filed and indexed safely within the Trust Office.


**Place of Meeting: 515 E Las Olas Blvd #120, Fort Lauderdale, FL 33301**


**Meeting Adjourned at 9:50 AM on May 18, 2012**
**Animus Revertendi (intention to return) on January 16, 2024 at 9:00 AM**


 

Pimentel, Kenia Ondina Ventura  **Sole Trustee**        Hector Ubaldo  **Settlor**

1

**Exhibit B – Plenipotentiary Agent Contract (Minutes 06-1964; 5 pages)**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF GENERAL DENIAL OF ALL COUNTS, CHARGES AND CLAIMS - 5

**Schedule A: Trustee Minutes 06-1964**

**Trustee Minutes or Amendments**
**CUERVO LUMINOSO**
(An Irrevocable Express Trust Organization)

Time: 1:00 PM                                                Trust Indenture No. 5569

Date: TUESDAY, JANUARY 16, 2024

Persons Present: Sole Trustee(s) & Trustee(s) and/or authorized persons

Business Conducted: Fiduciary Acceptance & Appointment of Trustee(s) and/or authorized persons

At this meeting, the Sole Trustee of the CUERVO LUMINOSO EXPRESS TRUST and the contracting of **CUERVO LUMINOSO EXPRESS TRUST ENTERPRISE,** held in Houston, TX on this day, with the hired Trustee(s) and/or authorized persons hereby accept the following contract listed as Schedule A: Trustee Minutes 06-1964 being present, by unanimous accord, the following was affirmed, declared and accepted, vis:

**PLENIPOTENTIARY AGENT CONTRACT**

**PASSIVE TRUSTEE AGREEMENT**

THIS CONTRACT ("Agreement") is made on this 16th day of January, 2024, by and between the Board of Trustees of Cuervo Luminoso Express, an Irrevocable Trust Enterprise, hereinafter referred to as the "BOARD," "TRUST," or "Cuervo Luminoso Express" and Hector Ubaldo in care of 9337 Katy Fwy Suite B5057, Houston, TX near [77024], hereinafter Plenipotentiary "Agent or Authorized Representative," and collectively referred to as the "Parties."

**WITNESSETH**

WHEREAS, the TRUST has certain duties, responsibilities, and obligations which the TRUST desires to delegate to another, specifically to the Agent for a twenty-five (25) year limited period of time, and on the terms and conditions, and for the consideration hereinafter set forth; AND WHEREAS, the Agent is qualified to provide such management services and desires to provide such services to the TRUST on such terms and conditions and for such consideration.

NOW THEREFORE, in consideration of the foregoing and the covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, and the Parties hereto, intending to be lawfully and legally bound, agree as follows:

**STATEMENT OF AGREEMENT**

**ARTICLE I**
**AFFILIATION AND DUTIES**

1.1      Affiliation; Effective Date.     The BOARD agrees to engage the services of the Agent or Authorized Representative, having Plenipotentiary power, agrees to provide services to the TRUST, commencing as of the date of this Agreement subject to the terms and conditions of this Agreement.

1.2      Position.      The TRUST shall engage the services of **Hector Ubaldo** in the position of an Agent or Authorized Representative, otherwise known as a [passive trustee] having Plenipotentiary power, exercising the responsibilities, duties and authority enumerated under the Articles of Indenture (Trust Indenture No. 5569) of the TRUST as well as those

1 of 5

customarily pertaining to such position consistent with such a Trust Organization and such other services as may be requested of the Agent or Authorized Representative by the TRUST.

1.3    Primary Duties and Services.
(i)    The BOARD hereby appoints the Agent or Authorized Representative to be the day-by day manager with respect to any and all dealings, business or otherwise, the TRUST may have. The BOARD does so for the purposes of providing for a day-by-day manager to be solely responsible for any all activities on behalf of the Sole Trustee, delegating Plenipotentiary Power.
(ii)    The Agent or Authorized Representative agrees to serve in said position and to perform diligently and to the best Agent or Authorized Representative's abilities said duties and services referred to in Section 1.2, and in such a manner as the Agent or Authorized Representative deems advisable within the parameters as established and acceptable to the TRUST, as well as, such additional duties and services appropriate to such position which the Parties mutually agree upon from the time to time.
(iii)    The Agent or Authorized Representative shall have the ability and authority to perform such duties in accordance with the Agent or Authorized Representative's sole judgment and discretion.
(iv)    The Agent or Authorized Representative shall be solely responsible for obtaining and maintaining all appropriate information concerning the day-by-day, as well as business plans, future activities and managing trusteeship for any US Agent, Fiduciary or Enterprises of the TRUST.
(v)    The BOARD does hereby transfer all absolute authority to the Agent or Authorized Representative to manage the business and day to day operating affairs of the TRUST.

1.4    Other Interests.    During the period of time as set forth in this Agreement, the Authorized Representative shall have full discretion to devote as much time and effort in performing his/her duties as the Agent or Authorized Representative deems necessary in order to carry out and maximize Agent or Authorized Representative's performance hereunder. The Agent or Authorized Representative may engage, directly or indirectly, in other related business' that do not conflict with the Agent or Authorized Representative's duties hereunder and/or the business of the TRUST. The foregoing limitations shall not prohibit the Agent or Authorized Representative from serving in other capacities for other organizations, or on the boards of other organizations, provided that the Agent or Authorized Representative's service in such other capacities for such organizations and/or on such boards is not adverse to the interests of the TRUST.

1.5    Independent Status.    The Agent or Authorized Representative shall be maintained as an independent contractor for purposes of taxation and liability. The Agent or Authorized Representative shall not be solely responsible for any and all withholding of applicable tax, as well as, any and all other contractor-related expenses pursuant to no taxation upon the Cuervo Luminoso Express Trust, tax-exempt status as defined as a natural person and not a US Person, which the Express Trust does not pass the US Control nor US Court Test, having a Sole Trustee, known as Pimentel, Kenia Ondina Ventura (a Foreign National) having full authority to make substantial decisions. The passive trustee's (agent or authorized representative) fealty is to the Trust, as the Trust holds a valid lien (promissory note) effective May 18, 2012 to May 18, 2102, against the passive trustee for a total of 1080 months, with a maturity date of the year 2102.

> – *See Loring, supra at pt. II § 4, p.69. "[The trustee's] fealty is to the trust, and all his acts must be governed by strict loyalty to it and the interest of the beneficiaries; and any act which is not in the [best] interest of the beneficiaries is a breach of trust."*

> – *Again, the trustee must be indemnified by the trust instrument from taxation for trust gains. If the trustee holds interest in the trust, he is taxable only at the realization of an actual gain, not at the point of investment (see Burnet v. Logan, supra; and Trenton Cotton Oil Co. v. Commissioner, supra).*

1.6    Primary Office Location.    The Agent or Authorized Representative shall perform his duties at any location which he deems appropriate but shall represent the address of the TRUST as the Primary Office Location for any and all accounts, transactions, and business of the TRUST, as well as for all expenses incurred by the TRUST. The Agent or Authorized Representative shall represent the address of the TRUST as his official Primary Office Location for all such purposes.

1.7    Bank and Other Financial Accounts. The Agent or Authorized Representative shall have the ability and authority to open bank and other financial accounts in the name of the TRUST, and to obtain any all services with any institutions the Agent or Authorized Representative may deem necessary and beneficial to the TRUST. All monies for accounts of the TRUST shall be maintained by the Agent or Authorized Representative.

1.8    Contracting.    The Agent or Authorized Representative has the ability to bind the TRUST in any manner, and in his sole discretion, without prior notification to the TRUST.

1.9    Business and Other Materials.    The Agent or Authorized Representative shall have sole discretion in the production and/or distribution of all such materials representational of the TRUST's business and other interests, including but not limited to, any stationary or business cards representing the TRUST.

## ARTICLE II
## TERM, DURATION, AND TERMINATION

2.1    Term.    The Agent or Authorized Representative's affiliation by the TRUST shall commence on the effective date as set forth in Article 1, Section 1.1. The Agent or Authorized Representative shall perform his duties for a period of twenty-five (25) years or until termination by either of the Parties as herein provided. The Agent or Authorized Representative Contract is automatically terminated upon the Agent or Authorized Representative's death, sale of TRUST business, or all of the TRUST's assets, leaving the TRUST with nothing of value. This Contract can only be terminated by a determination of malfeasance by a Judge of a court of competent jurisdiction, or by a determination of mental incompetence of the Agent or Authorized Representative by a recognized medical authority appointed by such a Judge.

2.2    The Parties' Right to Terminate.    The provisions of this article are in no way intended to take away or otherwise waive any rights that the TRUST may have under the law. The Parties shall have the right to terminate this Agreement at any time with sixty (60) days prior written notice for "Cause," which for the purposes of this Agreement shall mean (A) the Agent or Authorized Representative's dishonesty or fraud with respect to the reputation and/or affairs of the TRUST which materially and adversely affects the business and other relations of the TRUST, provided the Agent or Authorized Representative fails to cure such ill repute within a reasonable period of time; or (B) a material breach by the Agent or Authorized Representative of the TRUST of this Agreement or any other agreement by and between the Agent or Authorized Representative and the TRUST, provided either party fails to cure such breach, if curable, within thirty (30) days of receipt of written notice thereof. Upon Termination of this contract, for any reason the current or resigning Agent or Authorized Representative can only be replaced by the first in line Successor Agent or Authorized Representative. This shall in no way affect or preclude the consummation of any transaction, which was affected prior to such termination.

## ARTICLE III
## COMPENSATION AND MANAGING FEES

3.1    Managing Fee.    The TRUST shall pay the Agent or Authorized Representative a monthly fee at minimum $600 to 350,250 USD dollars. This fee is payable upon the acceptance of this contract and is payable each month thereafter. All checks must be made payable to the current in the name of Hector Ubaldo, Cuervo Luminoso Express Trust Enterprise or their Unincorporated Associations. The amount of this fee shall increase in proportion to the assets in the TRUST, or by written consent and approval of the BOARD.

3 of 5

3.2    <u>Expense Reimbursements.</u>    During the term of this Agreement, the Agent or Authorized Representative shall be solely responsible for any and all contractor-related expenses. All expenses, out-of-pocket and otherwise, which are incurred as a result of, as well as in the course of, carrying out the duties and responsibilities of Agent or Authorized Representative shall be reimbursed to the Agent or Authorized Representative; all reimbursements shall be made to the Agent or Authorized Representative separately and aside from the Managing Fee and in a manner agreed upon by the Parties.

3.3    <u>Termination by the Authorized Representative.</u>    If    the    Agent or Authorized Representative's affiliation hereunder shall be terminated by Agent or Authorized Representative, then, upon such termination, regardless of the reason thereof, all compensation derived from managing fees and expense reimbursements shall be paid within thirty (30) days of written notice termination.

## ARTICLE IV
## MISCELLANEOUS

4.1    <u>Assignment and Governing Law.</u>    This contract shall constitute a binding contract under the general common law of contracts upon acceptance by the Parties. This contract may not be assigned by either party without the other party's written consent nor by operation of law; this agreement shall be binding on the successor(s) and assignee(s) of the Parties.

4.2    <u>Reservation of Rights.</u>

    (i)    The Parties do hereby enter into this agreement without prejudice to any rights otherwise waived due to any nondisclosure or adhesion.

    (ii)    Use of a Notary Public in this contract does not constitute any adhesion in and of itself, nor does it alter the status or domicile of either party. The express purposes for said Notary Public is acknowledgment and witness only; not for entrance into any statutory or otherwise foreign jurisdiction.

    (iii)    The TRUST in no way relinquishes ownership of any of the TRUST's properties.

    (iv)    The failure by either Party hereto at any time to give notice of nay breach by the other party, or to require compliance with any condition or provision of this Agreement shall not be deemed a waiver of said breach or noncompliance, or of any similar or dissimilar provisions or conditions at the same, or at any prior or subsequent time.

4.3    <u>Severability.</u>    If a court of competent jurisdiction determines that any provision of this Agreement is invalid or unenforceable, then the invalidity or unenforceability of that provision shall not affect the validity or enforceability of any other provision of this Agreement and all other provisions shall remain in force and effect.

4.4    <u>Withholding Taxes.</u>    The TRUST shall not withhold from any compensation made to the Authorized Representative, pursuant to this Agreement, any applicable taxes as may be required pursuant to any law; Authorized Representative is not to be deemed an employee of the TRUST.

4.5    <u>Headings.</u>    Paragraph headings have been inserted for purpose of convenience and shall not be used for interpretive purposes.

4.6    <u>Modification.</u>    Any modification of this Agreement shall be effective only if in writing and agreed to by the Parties in writing.

We, the undersigned, hereby place our hand or seal and declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

**FIDUCIARY / AGENT:**                    **CUERVO LUMINOSO EXPRESS TRUST:**

_____          _____
Hector Ubaldo, Cuervo Luminoso Ex. Tr. Entrp.      Pimentel, Kenia O.V., Trustee

All pages of the trustee minutes have been properly filed and indexed safely within the Trust Office.

**Exhibit C – Fictitious Business Name Statement (1 page)**

AFFIDAVIT OF GENERAL DENIAL OF ALL COUNTS, CHARGES AND CLAIMS - 6

# HERITAGE FLORIDA JEWISH NEWS

Published Weekly
**FERN PARK, SEMINOLE COUNTY, FLORIDA**

**STATE OF FLORIDA**
**COUNTY OF SEMINOLE**

Before the undersigned authority personally appeared David Lehman, who on oath says he is the office manager of the *HERITAGE Florida Jewish News*, a weekly newspaper published at Fern Park in Seminole County, Florida, that the attached copy of advertisement, being a

## MEMORANDUM OF EXPRESS TRUST -

in the matter of
Est. May 18th, in the year of our Lord, 2012 Anno Domini
Schedule B: Trustee Minutes 5-1964
Other Property Exchange - Intangible Property Literary Minutes of Meeting of
CUERVO LUMINOSO
(An Irrevocable Express Trust Organization)

in the Circuit Court, was published in said newspaper in the issues of

### March 8, 2024

Affiant further says that the said *HERITAGE Florida Jewish Newspaper* is a newspaper published at Fern Park, in said Seminole County, Florida, and that the said newspaper has heretofore been continuously published in said Seminole County, Florida, each week and has been entered as periodical matter at the post office in Fern Park in said Seminole County, Florida, for a period of 1 year next preceding the first publication of the attached copy of advertisement; and affiant further says that he has neither paid nor promised any person, firm or corporation any discount, rebate, commission or refund for the purpose of securing this advertisement for publication in the said newspaper.

_____
Signature of Affiant

Sworn to and subscribed before me this ___8th___ day of ___March___ 2024.

_____
Signature of Notary

Personally known __X__ or produced identification    Type of identification produced
                                                       Name of Notary typed printed or
                                                       stamped



Notary Public State of Florida
Kim Fischer
My Commission HH 089990
Expires 02/10/2025

MEMORANDUM OF EXPRESS TRUST Est. May 18th, in the year of our Lord, 2012 Anno Domini Schedule B: Trustee Minutes 5-1964 Other Property Exchange - Intangible Property Literary Minutes of Meeting of CUERVO LUMINOSO (An Irrevocable Express Trust Organization) MISCELLANEOUS AFFIDAVIT OF FICTITIOUS BUSINESS NAME STATEMENT To The Governing Bodies of This Express Trust, ALL Corporation Sofas but not limited to the State of New York & Florida:

The Sole Trustee, called the meeting to order and affirmed that officially on May 18, 2012, the trustee received the Intangible Property, herein known as Affidavit of Fictitious Business Name Statement, to be held in trust, published in any local municipality newspaper filing and but not limited to Seminole County Circuit Court Clerk & Comptroller. Trustee approved the initial exchange of the specific property for one hundred (100) units of Beneficial Interest, known hereto as Trust Certificate Units (TCUs) to be held with this Indenture by the Trustees for the Beneficiaries also known as Members of CUERVO LUMINOSO EXPRESS TRUST.

The TRUSTEE shall;
a. Keep minutes of all future business meetings and Board of Trustee meetings
b. Act in the best interest of all Trust Certificate Unit Holders through prudent record keeping of certificate transfers and other business respecting the holders and this Express Trust.

WE THE UNDERSIGNED, BEING DULY SWORN, DO HEREBY DECLARE UNDER OATH THAT THE NAMES OF ALL PERSONS INTERESTED IN THE BUSINESS OR PROFESSION CARRIED ON UNDER THE NAMES OF THE CUERVO LUMINOSO EXPRESS TRUST ARE DOING BUSINESS AS THE FOLLOWING:
CUERVO LUMINOSO EXPRESS TRUST d/b/a HECTOR UBALDO
CUERVO LUMINOSO EXPRESS TRUST d/b/a UBALDO, HECTOR
CUERVO LUMINOSO EXPRESS TRUST d/b/a HECTOR FAMILY OF UBALDO ESTATE CUERVO LUMINOSO EXPRESS TRUST d/b/a HECTOR UBALDO BANKRUPTCY ESTATE CUERVO LUMINOSO EXPRESS TRUST d/b/a HECTOR LUMINOSO, MARQUESS OF BRONX CUERVO LUMINOSO EXPRESS TRUST d/b/a CUERVO LUMINOSO TRUST ENTERPRISE CUERVO LUMINOSO ENTERPRISE d/b/a HAN - INVESTMENT GROUP LLC
CUERVO LUMINOSO TRUST ENTERPRISE d/b/a HECTOR UBALDO MD PA CORPORATION
HEADQUARTERS: 464 ROCKY GROVE LN, SANFORD, FL 32771
PRINCIPAL: 1270 UPSALA ROAD, 1ST FLOOR, STE 3B, SANFORD, FL 32771 MAILING: 9337 KATY FWY SUITE B5057, HOUSTON TX 77024
March 8, 2024

L 205712

1    **Exhibit D – Sole Trustee Republica Dominicana Passport and Hold Harmless Agreement (3 pages)**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF GENERAL DENIAL OF ALL COUNTS, CHARGES AND CLAIMS - 7

**ADVERTENCIAS**

1. Este pasaporte tendrá validez sólo si está firmado por la persona a quien le fue expedido.
2. Todo pasaporte que presente señales de haber sido alterado carece de validez.
3. Este pasaporte sólo es válido para la persona a cuyo favor se ha expedido, según consta en la página dos (2).
4. Las expediciones y renovaciones de pasaportes serán hechas por los funcionarios competentes de la Dirección General de Pasaportes y del Ministerio de Relaciones Exteriores.
5. Este pasaporte contiene 48 páginas con numeración ordinal.

**WARNING**

1. This passport will only be valid if it is signed by the person to whom it was issued.
2. Any passport that shows signs of having been altered has no validity.
3. This passport is only valid for the person on whose behalf it has been issued, as stated on page 2.
4. The expeditions and renewals of passports will be performed by the competent officials of the General Directorate of Passport and the Ministry of Foreign Affairs.
5. This passport contains 48 pages with ordinal numeration.

**AVERTISSEMENTS**

1. Ce passeport est valable que s'il est signé par la personne à qui lui a été délivré.
2. Les passeports qui présente des signes d'avoir été modifié restent sans valeur.
3. Ce passeport est seulement valable pour la personne à qu'il a été délivré, comme indiqué dans la page 2.
4. Les expéditions et des renouvellements de passeports seront faites par les fonctionnaires compétents de la Direction Générale des Passeports et du Ministère des Affaires Étrangères.
5. Ce passeport contient 48 pages de numération ordinale.

| PASAPORTE | REPÚBLICA DOMINICANA | Dominican Republic |
|---|---|---|

Passport




**Tipo/ Type**
P

**Código del país/ Country Code**
DOM

**N° Pasaporte/ Passport No.**
RD6132380

**Apellido/ Surname**
VENTURA PIMENTEL

**Nombres/ Given Name**
KENIA ONDINA

**Nacionalidad/ Nationality**
DOMINICANA

**Fecha de nacimiento/ Date of birth**
20 ABR/APR 1973

**Núm. personal/ Personal No.**
001-0892730-2

**Sexo/ Sex**
F

**Lugar de nacimiento/ Place of birth**
SANTO DOMINGO, RD

**Fecha de expedición/ Date of issue**
07 ENE/JAN 2021

**Autoridad/ Authority**
PUNTO GOB DN

**Fecha de expiración/ Date of expiry**
07 ENE/JAN 2027

**Firma del titular/ Holder's signature**

P<DOMVENTURA<PIMENTEL<<KENIA<ONDINA<<<<<<<<<
RD61323807DOM7304202F270107900108927302<<88

CUERVO LUMINOSO EXPRESS TRUST

Est. May 18, 2012

## HOLD HARMLESS/ INDEMNITY AGREEMENT

EXHIBIT A:

Sole Trustee: Kenia Ondina Ventura Pimentel
CUERVO LUMINOSO EXPRESS TRUST Dtd 05/18/2012
Settlor: Hector Ubaldo

W H E R E A S, at the request of the CUERVO LUMINOSO EXPRESS TRUST, Kenia Ondina Ventura Pimentel currently serves as the Sole trustee of the Trust and may, therefore, be subjected to claims, suits or proceedings arising as a result of Indemnitee's service; and

W H E R E A S, as an inducement to Indemnitee to continue to serve as a Sole trustee of the Trust, the Trust has agreed to hold harmless and indemnify Kenia Ondina Ventura Pimentel against any and all judgments, expenses and costs incurred by Kenia Ondina Ventura Pimentel in connection with any such claims, suits or proceedings, to the fullest extent that is lawful; and

W H E R E A S, an agreement to indemnify Kenia Ondina Ventura Pimentel against any and all judgments, expenses and costs incurred by Kenia Ondina Ventura Pimentel and/or the CUERVO LUMINOSO EXPRESS TRUST; Kenia Ondina Ventura Pimentel has agreed to indemnify the CUERVO LUMINOSO EXPRESS TRUST in connection with any such claims, suits or proceedings, to the fullest extent that is lawful; and

W H E R E A S, the parties by this Agreement desire to set forth their agreement regarding indemnification.

This HOLD HARMLESS AGREEMENT ("Contract") is made effective on

May 18th, 2012 by and between Ubaldo, Hector (Settlor/Trust Protector), Kenia Ondina Ventura Pimentel (Sole Trustee) "Indemnitee" and/or "Trustee"), domiciled at **Reparto Seminario 12B, Distrito Nacional Dominican Republic 10108 (represented by Passport No. RD6132380, Date of Expiry 07 ENE/JAN 2027)** and CUERVO LUMINOSO EXPRESS TRUST Registered with the Executive Office of Seminole County, in the state of Florida, Seminole Circuit Court Clerk & Comptroller; and expires on 6th day of , January 2027 as prescribed by the signed and completed Trustee Agreement, held with the Trust Office.

Kenia Ondina Ventura Pimentel and CUERVO LUMINOSO EXPRESS TRUST are sometimes individually referred to as "Party" and collectively referred to as the "Parties."

W H E R E A S, in exchange for valuable consideration, CUERVO LUMINOSO EXPRESS TRUST desires to hold harmless Kenia Ondina Ventura Pimentel (Sole Trustee) free from any claims and/or litigation arising out of Kenia Ondina Ventura Pimentel (Sole Trustee) performance of the following services within the lands of the Continental United States but not limited to: Land Development, Property Valuation, Property Surveying, Asset Management, Banking Administration, Testate & Intestate Planning, etc., with the RIGHTS TO HIRE ANY AGENT, AUTHORIZED PERSONS, CO-TRUSTEE(S) TO HAVE PLENIPOTENIARY POWER TO ACT ON BEHALF OF THE SOLE TRUSTEE BY CONTRACT.

W H E R E A S, in exchange for valuable consideration, Kenia Ondina Ventura Pimentel (Sole Trustee) desires to hold harmless CUERVO LUMINOSO EXPRESS TRUST free from any claims and/or litigation arising out of CUERVO LUMINOSO EXPRESS TRUST's performance in administration of duties as outlined in the trust document and/or amendments.

NOW THEREFORE, in consideration of the mutual covenants and conditions contained herein, Kenia Ondina Ventura Pimentel (Sole Trustee) and CUERVO LUMINOSO EXPRESS TRUST hereby agree as follows:

CUERVO LUMINOSO EXPRESS TRUST

Est. May 18, 2012

## HOLD HARMLESS/ INDEMNITY AGREEMENT – "Continued"

### TERMS

*The following terms stated below are in addition to the Powers & Duties of the Trustee as mentioned in Schedule B: Trustee Minutes 1-1964,* and

1. **Indemnification of Trustee.** Settlor of the CUERVO LUMINOSO EXPRESS TRUST agrees to indemnify Trustee and to hold Trustee harmless from and against any and all Claims and Expenses directly or indirectly arising out of or resulting from any transaction, act, omission, event or circumstance in any way connected with the administration of the CUERVO LUMINOSO EXPRESS TRUST. Settlor shall fully defend, indemnify, and hold harmless Kenia Ondina Ventura Pimentel (Sole Trustee) from any and all future and present claims, lawsuits, demands, causes of action, liability, loss, damage and/or injury, of any kind whatsoever (including, without limitation; all claims for monetary loss, property damage, equitable relief, personal injury and/or wrongful death), whether brought by an individual or other entity, or imposed by a court of law or by administrative action of any federal, state, or local governmental body or agency, arising out of, in any way whatsoever, any acts, omissions, negligence, or willful misconduct on the part of CUERVO LUMINOSO EXPRESS TRUST, its officers, owners, personnel, employees, agents, contractors, invitees, or volunteers. This indemnification applies, to and includes, without limitation, the payment of all penalties, fines, judgments, awards, decrees, attorneys' fees, and related costs or expenses, and any reimbursements to harmless Kenia Ondina Ventura Pimentel (Sole Trustee) and/or CUERVO LUMINOSO EXPRESS TRUST for all legal fees, expenses, and costs incurred by it. However, that Settlor shall not be obligated; but may choose whether to indemnify Trustee with respect to any Claim arising solely from the gross negligence or willful misconduct of Trustee.

2. **Authority to Enter Agreement.**
(a) Each party warrants that the individuals/parties who have signed this Agreement have the actual legal power, right, and authority to make this Agreement and bind each respective Party. Indemnitee shall be held harmless and indemnified by the Trust against all Expenses actually and reasonably incurred by Indemnitee or on Indemnitee's behalf in connection with any Proceeding in which Indemnitee is, or is threatened to be, involved as a party or otherwise by virtue of his or her Status, whether or not such Proceeding is brought by or in the right of the trust.

(b) Without limiting any other rights of Indemnitee under this Agreement, if the Indemnitee is, pursuant to the terms of this Agreement, entitled to indemnification as to one or more but less than all claims, matters or issues in a Proceeding, the Trust shall indemnify Indemnitee against all Expenses and/or costs incurred by Indemnitee is entitled to indemnification under this Agreement.

3. **Amendment; Modification.** No supplement, modification, or amendment of this Agreement shall be binding unless executed in writing and signed by both Parties.

4. **Waiver.** No waiver of any default shall constitute a waiver of any other default or breach, whether of the same or other covenant or condition. No waiver, benefit, privilege, or service voluntarily given or performed by a Party shall give the other Party any contractual right by custom, estoppel, or otherwise.

5. **Attorneys' Fees and Costs.** If any legal action or other proceeding is brought in connection with this Agreement, the successful or prevailing Party, if any, shall be entitled to recover reasonable attorneys' fees and other related costs, in addition to any other relief to which that Party is entitled. In the event that it is the subject of dispute, the court or trier of fact who presides over such legal action or proceeding is empowered to determine which Party, if any, is the prevailing party in accordance with this provision.

6. **Entire Agreement.** This Agreement contains the entire agreement between the Parties related to the matters specified herein and supersedes any prior oral or written statements or agreements between the Parties related to such matters.

7. **Enforceability,** Severability, and Reformation. If any provision of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed and enforced as so limited. The intent of the Parties is to provide as broad an indemnification as possible under contract/common law. In the event that any aspect of this Agreement is deemed

CUERVO LUMINOSO EXPRESS TRUST

Est. May 18, 2012

## HOLD HARMLESS/ INDEMNITY AGREEMENT – "Concluded"

unenforceable, the court is empowered to modify this Agreement to give the broadest possible interpretation permitted under contract/common law.

8. **Applicable Law.** This Agreement shall be governed exclusively by the laws of contract without regard to conflict of law provisions as outlined in the Declaration of Express Trust document.

9. **Exclusive Venue and Jurisdiction.** Any lawsuit or legal proceeding arising out of or relating to this Agreement in any way whatsoever shall be exclusively brought and litigated in the federal and/or state courts as outlined in the Declaration of Express Trust for the CUERVO LUMINOSO EXPRESS TRUST. The Settlor and the Sole Trustee hereby agree that the Sole Trustee's National Passport may only be used, when necessary to prove the foreign status of the Express Trust upon legal court matters when determining jurisdiction. The Sole Trustee may issue his/her seal, mark or signature to the Settlor in a plenipotentiary capacity.

10. **Signatures.** This Agreement shall be signed on behalf of Trustee ("Sole Trustee") by Kenia Ondina Ventura Pimentel (Sole Trustee) and on behalf of CUERVO LUMINOSO EXPRESS TRUST by Authorized Person below, and effective as of the date first written above.

We, the undersigned declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct, this 18th day of May 2012.

By: _____
    Sole Trustee: Kenia Ondina Ventura Pimentel

By: _____
    Accepted to/Accepted by Hector Ubaldo
    Title: Settlor/Trust Protector



**PROOF OF SERVICE**

1

2      I, the undersigned, say: I am over the age of 18 years, and I am a party to the action or proceeding. My business

3      address is 9337 Katy Fwy, Suite B5057, Houston, Texas near [77024].

4      On _____ *16th October* _____, 2024, I served the foregoing document(s) described as "AFFIDAVIT
        OF GENERAL DENIAL OF ALL COUNTS, CHARGES AND CLAIMS on all interested parties listed below in

5      this action by placing copies thereof enclosed in a sealed envelope (Registered Mail) addressed as follows:

6      Nathan Ochsner
        d/b/a Clerk of Court

7      U.S. District Court for the Southern District of Texas
        PO Box 61010

8      Houston, TX 77208

9      Hal R. Ray, Jr.
        d/b/a Magistrate Judge

10     U.S. District Court Northern District of Texas
        501 West 10th Street, Room 202A

11     Fort Worth, TX 76102-3673

12     David C. Godbey,
        d/b/a Chief Judge

13     U.S. District Court Northern District of Texas
        501 West 10th Street, Room 202A

14     Fort Worth, TX 76102-3673

15     Karen Mitchell
        d/b/a Clerk of Court

16     U.S. District Court Northern District of Texas
        501 West 10th Street, Room 202A

17     Fort Worth, TX 76102-3673

18     Bill E. Waybourn
        d/b/a Sheriff

19     Tarrant County Sheriff Department
        200 Taylor Street – 7th Floor

20     Fort Worth, TX 76196

21     Ed Gonzalez
        d/b/a Sheriff

22     Harris County Sheriff Department
        1200 Baker Street

23     Houston, TX 77002

24

25     ATTN: Ava Vesling
        d/b/a Special Agent
        Federal Bureau Investigations

26     1 Justice Park Drive
        Houston, TX 77092

27

28

        AFFIDAVIT OF GENERAL DENIAL OF ALL COUNTS, CHARGES AND CLAIMS - 8

**PROOF OF SERVICE – "concluded"**

Nathan L. Hecht
d/b/a Chief Justice
Texas Judicial Branch
201 w. 14th Street
Austin, Texas 78701

Ken Paxton
d/b/a Texas Office of the Attorney General
300 W. 15th Street
Austin, Texas 78701

The Honorable Emilia Fernandez
Consulate General of the Dominican Republic in Texas
6117 Richmond Avenue, Suite 100
Houston, Texas 77057

[X] **BY MAIL** – I deposited such envelope in the mail at Harris County, Texas with first class postage thereon fully prepaid. I am readily familiar with the business practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Harris County, Texas, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than (1) day after the date of deposit for mailing in affidavit; and or

   I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on _____*16th October*_____, 2024 at Harris County, Texas

*Ventura Pimentel, Kenia O.*
Ventura Pimentel, Kenia O.        **Sole Trustee**

AFFIDAVIT OF GENERAL DENIAL OF ALL COUNTS, CHARGES AND CLAIMS - 9

Hector Ubaldo d/b/a
Passive Trustee CUERVO
LUMINOSO EXPRESS TRUST ENTERPRISE
c/o 605 Reba Chase [77030]
Houston, Texas near [77024]





**Retail**

U.S. POSTAGE PAID
FCM LG ENV
HOUSTON, TX 77098
OCT 22, 2024

$163.89

78102

RDC 99

S2324M503416-50




REGISTERED MAIL™

RE 050 863 922 US

Label 200, August 2005          PSN 7690-03-000-9311



DOWNTOWN STATION
OCT 25 2024
FORT WORTH, TX 76102 USPS

RECEIVED
OCT 25 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Hol R.Ray, Jr. d/b/a Magistrate Judge
U.S. District Court Northern District of
Texas
501 West 10th St., Room 202A
Fort Worth, Tx 76102-3673



DOWNTOWN STATION
OCT 25 2024
FORT WORTH, TX 76102 USPS

