IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DR. HECTOR UBALDO (01) | CRIMINAL NO.  4:24-CR-222-P |

### PROPOSED SUPPLEMENTAL JURY INSTRUCTION

The United States of America understands that the defendant intends to represent himself during his trial, scheduled to begin, Thursday, October 31, 2024.  In addition, the Court has appointed standby counsel to assist the defendant should he request such assistance.  Given these decisions, the government proposes the following additional jury instructions, which are modeled after several pattern jury instructions:[1]

**A. Prior to Party-Directed Voir Dire (to be read by the Court)**

The defendant, Dr. Hector Ubaldo, has decided to represent himself in this trial and not to use the services of a lawyer.  Dr. Ubaldo has chosen to represent himself in this criminal case after much discussion and much explanation back and forth with the Court and counsel.  He has a constitutional right to self-representation. His decision to represent to himself has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

---

[1] These proposed instructions were adapted from the Pattern Jury Instructions for the Third Circuit, Eighth Circuit, and Ninth Circuit for pro se defendants.  There is no Fifth Circuit pattern jury instruction for pro se defendants, but a version of this approach has been utilized by other judges in this district when a defendant elected to proceed pro se.  See e.g., Case No. 3:14-cr-367-B.

**Proposed Supplemental Jury Instruction – Page 1**

Dr. Ubaldo has the right to have an attorney and can retain one if he so wishes. In addition, the Court has and can appoint an attorney to assist Dr. Ubaldo if he requested such assistance and qualified. The decision to represent himself in this trial is his and his alone.

Because Dr. Ubaldo has decided to act as his own lawyer, you will hear him speak at various times during the trial, including during voir dire. I want to remind you that when Dr. Ubaldo speaks during voir dire, he is acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Although Dr. Ubaldo has chosen to represent himself, the court has appointed Steve Fahey to assist Dr. Ubaldo as standby counsel. This is a standard procedure. Mr. Fahey may confer with Dr. Ubaldo and assist him in voir dire. Just as when Dr. Ubaldo speaks in this part of the trial, when and if Mr. Fahey speaks in this part of the trial, his words are not evidence.

### B.  During Preliminary Instructions (to be read by the Court)

As I discussed during voir dire, the defendant, the defendant, Dr. Hector Ubaldo, has decided to represent himself in this trial and not to use the services of a lawyer. Dr. Ubaldo has chosen to represent himself in this criminal case after much discussion and much explanation back and forth with the Court and counsel. He has a constitutional right to self-representation. His decision to represent to himself has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

**Proposed Supplemental Jury Instruction – Page 2**

Because Dr. Ubaldo has decided to act as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument. He may ask questions of witnesses, make objections, and argue legal issues to the Court. I want to remind you that when Dr. Ubaldo speaks during these parts of the trial, he is acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Dr. Ubaldo has the right to have an attorney and can retain one if he so wishes. In addition, the Court has and can appoint an attorney to assist Dr. Ubaldo if he requested such assistance and qualified. The decision to represent himself in this trial is his and his alone.

Although Dr. Ubaldo has chosen to represent himself, the court has appointed Steve Fahey to assist Dr. Ubaldo as standby counsel. This is a standard procedure. Mr. Fahey may confer with Dr. Ubaldo and assist him during trial, including by making an opening statement and a closing argument, questioning witnesses, making objections, and arguing legal issues to the Court. Just as when Dr. Ubaldo speaks in this part of the trial, when and if Mr. Fahey speaks in these parts of the trial, his words are not evidence.

### C. During Final Instructions (to be included in final written instructions provided to the jury and read by the Court)

As I discussed during voir dire and the preliminary instructions, the defendant, Dr. Hector Ubaldo, decided to represent himself in this trial and not to use the services of a lawyer.

Dr. Ubaldo chose to represent himself in this criminal case after much discussion and much explanation back and forth with the Court and counsel.  He has a constitutional right to self-representation.  His decision to represent to himself has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

Dr. Ubaldo had the right to have an attorney and could have retained one if he wanted to.  In addition, the Court has and could have appointed an attorney to assist Dr. Ubaldo if he requested such assistance and qualified.  The decision to represent himself in this trial was his and his alone.

Because Dr. Ubaldo decided to act as his own lawyer, you heard him speak at various times during the trial.  He made [an opening statement and closing argument. He asked questions of witnesses, made objections, and argued legal issues to the Court.]  I want to remind you that when Dr. Ubaldo spoke during these parts of the trial, he was acting as a lawyer in the case, and his words were not evidence. The only evidence in this case came from witnesses who testify under oath on the witness stand and from exhibits that were admitted.

Although Dr. Ubaldo chose to represent himself, the court appointed Steve Fahey to assist Dr. Ubaldo as standby counsel.  This is a standard procedure. Mr. Fahey was permitted to confer with Dr. Ubaldo and assist him during trial, including by having the option of making an opening statement and a closing argument, questioning witnesses, making objections, and arguing legal issues to the Court.  [Just as when Dr. Ubaldo spoke in this part of the trial, when Mr. Fahey spoke in these parts of the trial, his words were not evidence.]

**Proposed Supplemental Jury Instruction – Page 4**

Date:  October 29, 2024

                                          Respectfully submitted,

                                          LEIGHA SIMONTON
                                          UNITED STATES ATTORNEY

                                          *s/ P.J. Meitl*
                                          P.J. MEITL
                                          Assistant United States Attorney
                                          D.C. Bar No. 502391
                                          801 Cherry Street, 17th Floor
                                          Fort Worth, Texas 76102
                                          Telephone: 214.659.8680
                                          Facsimile: 214.659.8809
                                          Email: philip.meitl@usdoj.gov

## CERTIFICATE OF SERVICE

    Government counsel will email a copy of this filed document to the defendant at hubaldo@icloud.com, which is an email address that the defendant utilizes and agreed to receive correspondence from the government on in relation to this matter.

                                          *s/ P.J. Meitl*
                                          P.J. MEITL
                                          Assistant United States Attorney